## EX PARTE JOSEPH A. ROBERTSON.

### No. 2729.    Decided March 18, 1903.

**1.—Contempt of Court for Agreeing to Change the Venue as to the Administration of an Estate—Jurisdiction.**

Relator, having been appointed by the county court administrator of an estate, over the contest of other parties, the latter appealed the case to the district court of H. County. Pending this appeal, relator and these other parties entered into a written agreement to change the venue of the litigation to the district court of another county, and the change was made by the district court of H. County. On account of this agreement, the county court which had appointed relator administrator, upon proceedings instituted for that purpose, found relator guilty of contempt and assessed his punishment at a fine and imprisonment. Held, the county court having lost its jurisdiction over the subject matter by the appeal taken to the district court of H. County from its order appointing relator, the judgment against relator for contempt in the county court, was without authority and void.

**2.—Same.**

In order to render a judgment for contempt valid, the court must have jurisdiction over the subject matter, the person of relator, and the authority to render the particular judgment.

From Harris County.

Original application for habeas corpus, and, upon hearing, for relief from an order of the county court adjudging relator in contempt for disobedience to its orders.

The opinion states the case.

*Maco & Minor Stewart* and *Wilson & Jackson,* for relator.

*Howard Martin,* Assistant Attorney-General, for respondent.

BROOKS, JUDGE.—This is an original application for the writ of habeas corpus. The relator was fined in the sum of $100 and one day's confinement in the county jail of Harris County by Hon. Blake Dupree, county judge of Harris County. The judgment is as follows: "In the Matter of the Estate of William Dunovant, Deceased. March 7, 1903. Joseph A. Robertson, heretofore appointed temporary administrator in the estate of William Dunovant, deceased, having been duly cited to appear before me, Blake Dupree, county judge of Harris County, to show cause, on this, the 2d day of March, 1903, why he should not be held in contempt of this court for participating with other parties to the procurement of an order purporting to transfer the certain cause No. 32,914, being the Matter of the Estate of William Dunovant, deceased, v. Appeal of Paul T. Gordon, and a certain cause No. 32,916, the Estate of William Dunovant, deceased, v. Appeal of J. A. Harbert and

A. M. Waugh, administrator de bonis non, from the Eleventh District Court of Harris County, where said appeals were pending to the District Court of Colorado County, and the said Robertson having duly appeared and substantially confessed his acquiescence and participation in said purported transfers of said causes, and the court finding that he has participated therein, and the said Robertson then being temporary administrator only of said estate, his appointment as permanent administrator being suspended by such appeals, and having only such powers as are vested in him under the appointment made by this court in vacation on or about the 21st day of August, 1902, and reappointment by this court on or about the 18th day of January, 1903, and no other, as will fully appear from the orders of this court entered on said days last aforesaid—is hereby adjudged to have acted in contempt of this court by his participation in said purported transfers of said causes, and a fine of one hundred dollars ($100) is hereby assessed against said Joseph A. Robertson as punishment for said contempt, and the sheriff of Harris County is hereby ordered and directed to take the body of said Joseph A. Robertson in his custody, and him safely keep until said fine is paid; and as further punishment for said contempt the said Joseph A. Robertson shall be confined in the county jail for the period of one day, and the sheriff of Harris County is hereby ordered and directed to carry out this order by confining said Robertson in the county jail for the period of one day; and the sheriff of Harris County is hereby ordered to make due reports to this court showing how he has carried out the orders of this court. The sheriff is hereby instructed and ordered to suspend so much of this order as confines the said Robertson in jail for one day for the period of five days from this date, after which time he will execute this order of confinement of said Robertson."

Without copying all the evidence in detail, the following is substantially the facts upon which this contempt was predicated: It appears that relator had been temporary administrator of the estate of William Dunovant. Subsequent to said appointment he made an application to the County Court of Harris County for permanent letters of administration, which application, upon proper notice and hearing, was acted upon, and relator appointed permanent administrator of the estate of William Dunovant. During the progress of this hearing certain parties intervened, and, upon the court appointing relator administrator, and adjudging that Harris County had jurisdiction of the estate of said Dunovant, said parties appealed to the District Court of the Eleventh Judicial District of Texas, in Harris County. Pending this appeal in the district court, relator signed an agreement with other litigants, which appears to have been done with the knowledge and consent of the heirs and creditors, which agreement was for the purpose of changing the venue in said litigation to the District Court of Colorado County. It is further made to appear that a third party had been appointed administrator of the estate of William Dunovant, deceased, by the County Court of Colorado County, and certain parties perfecting

an appeal from the order so appointing him to the district court of said county. Relator states, and the facts appear to bear out this contention, that he made an agreement with the litigants in the Eleventh Judicial District Court of Harris County, by which all parties agreed to transfer the matters in dispute to the District Court of Colorado County. Upon this agreement being reduced to writing and signed by relator as administrator of the estate of William Dunovant, the District Court of Harris County changed the venue of said litigation to the District Court of Colorado County.

It appears from the judgment above recited that it was the signing of this agreement to change the venue of said litigation from Harris to Colorado County upon which the contempt is predicated. It seems from the record before us that, after the appeal had been perfected by the relator from the order of the County Court of Harris County appointing him permanent administrator, the county court, in order to protect the interests of the estate, again appointed relator temporary administrator of the estate; he having previously served in that capacity. Now, the question for our decision is, does the mere fact that relator signed an agreement in the District Court of Harris County to change the venue of litigation to which he was a legal party from that county to another, and would the fact that at the time he was permanent and temporary administrator, affect the said agreement, so that the same could be made the subject of contempt by the County Court of Harris County? We think not. When relator was appointed permanent administrator, and parties disputed his right to so serve, appealing the case to the District Court of Harris County, then, under the Constitution and statutes of this State, the district court became the court having jurisdiction over the subject matter, and, being a probate matter, the law requires the case to be tried anew in said district court. It follows, therefore, that the county court had lost jurisdiction over the matter. The statute authorizes a change of venue from one county to another by the parties to the litigation consenting, and we see no reason why a permanent administrator could not avail himself of this clause of the statute, as well as any other litigant, whether he is legally in the court or not. If he was not legally in the court, then the court had no jurisdiction over him. If the court did have jurisdiction over the subject matter—of which there is no controversy—then the mere fact that relator signed an agreement to change the venue, and the court acted upon such agreement and changed the venue, would not be the relator changing the venue, but merely the act of the court. It is not disputed but that said district court had perfect and complete cognizance of the subject matter and constitutional jurisdiction thereof. In order to render a judgment for contempt valid, the court must have jurisdiction over the subject matter, the person of the relator, and the authority to render the particular judgment. If either of these essential elements are lacking, the judgment is fatally defective. Ex parte Degener, 30 Texas Crim. App., 566; Ex parte Duncan, 42 Texas Crim. Rep., 661. It is made to appear be-

yond dispute that the county court had no jurisdiction of the subject matter, since after appointing relator permanent administrator of the estate, and after the cause was appealed to the District Court of Harris County, said court had complete and perfect jurisdiction and control of said litigation. The mere fact that relator may have been temporary administrator would not affect this question.

Without discussing the various questions raised by relator, we hold that the county court did not have authority to render the order of contempt, and besides had no jurisdiction of the subject matter. This being true, the relator is ordered discharged.

*Relator ordered discharged.*

Henderson, Judge, absent.